U.S. DISTRICT COURT
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| NILDA GOMEZ, | ) | |
| Plaintiff, | ) | |
|  | ) | Case No. 02 C 5911 |
| vs. | ) | |
|  | ) | Judge Grady |
| LT. RICCIO, *etc. et al.*, | ) | |
| Defendants. | ) | |

DOCKETED
OCT 1 6 2003

FILED
OCT 1 6 2003
MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

## NOTICE OF FILING

To:    Geri Yanow/ Maritza Martinez       Earnest Mincy
       Assistant Corporation Counsel      Assistant Corporation Counsel
       30 North LaSalle Street            30 North LaSalle Street
       Suite 900                          Suite 900
       Chicago, IL  60602                 Chicago, IL 60602

PLEASE TAKE NOTICE that on October 15, 2003, I filed with the Clerk of the United

States District Court, Northern District of Illinois, Plaintiff's Amended Complaint.

### Proof of Service

The undersigned attorney hereby certifies that copies of this Notice of Filing and

Amended Complaint were served upon the attorneys named above at the address above, *via*

United States postal delivery, at or before 5:00 p.m. on October 15, 2003, proper postage

prepaid.

_____
Deidre Baumann, Counsel for Plaintiff

Three First National Plaza, Suite 3700
Chicago, Illinois 60602
(312) 558-3119

13

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED**

OCT 1 6 2003

*FILED*
*OCT 1 5 2003*
*MICHAEL W. DOBBINS*
*CLERK, U.S. DISTRICT COURT*

| | | |
|---|---|---|
| NILDA GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 02 C 5911** |
| vs. | ) | |
| | ) | **Judge Grady** |
| LT. RICCIO, *etc. et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

NOW COMES the Plaintiff in the above-captioned case, NILDA GOMEZ ("GOMEZ"),

by and through her attorney, and complains against the Defendants RICCIO, MELANIS,

RIVERA, and the CITY OF CHICAGO as follows:

### Nature of the Action

1.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and

1988, and the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution,

and under the statutory and common law of the State of Illinois, against Officers RICCIO,

MELANIS, and RIVERA, police officers of the CITY OF CHICAGO, in their individual

capacities and against the CITY OF CHICAGO, as respondeat superior for any state law tort

causes.

### Jurisdiction and Venue

2.      This Court has jurisdiction over the subject matter of this action under Sections

1331, 1343(a)(3) and (4), and 1367 of Title 28 of the United States Code because this action

arises under the Constitution and laws of the United States, because it is brought to redress the

1

deprivation of the Plaintiff's federal constitutional rights, and because the portions of this action

arising under the common and statutory law of the State of Illinois form a part of the same case

or controversy as the dispute resulting from the violation of the Plaintiff's federal constitutional

rights.

      3.     Venue is proper in this District under Section 1391(b)(1) and (2) of Title 28 of the

United States Code because all events and omissions giving rise to this action occurred within

the Northern District of Illinois and because the Defendants reside within the Northern District of

Illinois.

**Parties**

      4.     The Plaintiff is a citizen of the United States and the City of Chicago, State of

Illinois.

      5.     Defendants MELANIS, RIVERA and RICCIO are citizens of the United States

and the State of Illinois. At all times material, they were employed as police officers by the

Defendant CITY OF CHICAGO. As police officers, they each have and, in fact, exercised the

authority to effect arrests, cause incarceration, and commence or cause the commencement of

criminal prosecutions. For the purposes of the federal law claims asserted in this action, they are

sued in their individual capacities only. At all times and in all matters material, they acted under

the color of the law of the State of Illinois and within the scope of their respective duties in

connection with their employment by the City of Chicago.

      6.     The Defendant City of Chicago ("CITY") is a municipal corporation operating

under the Constitution and laws of the State of Illinois. As such, it operates a police force

authorized to enforce the laws of the State of Illinois and its own municipal ordinances. At all

2

times material, it employed the Defendants RICCIO, MELANIS and RIVERA as police officers

and governed and regulated said Defendants in the exercise of their official duties and the course

of their employment.

### General Allegations

7.      In this action, GOMEZ seeks damages arising out of the constitutionally violative

prosecution, unlawful incarceration, and unlawful searches of Plaintiff's person, following an

arrest made of Plaintiff on August 17, 2000.   Plaintiff filed her original Complaint in this matter

on Monday, August 19, 2002.

8.      Pursuant to complaints of domestic battery, Defendants MELANIS and RIVERA

arrested the Plaintiff at her home at 3725 W. Lyndale in Chicago, Illinois.  Defendants

MELANIS and RIVERA then transported Plaintiff to the 25th Police District.

9.      At or about the time of the arrest, Defendant RICCIO learned that Plaintiff had

been taken into custody.  At that time, RICCIO was a defendant in another case brought by

Plaintiff against him and other officers of the 25th Police District.  That case is entitled *Harris,*

*etc. v. Nikeas, etc. et al.*, Case No. 00 M2 1562 and is still pending in the Circuit Court of Cook

County, First Municipal District.  Plaintiff has and had, upon the filing of *Harris, etc. v. Nikeas,*

*etc. et al.*, a constitutional right to petition the court for redress of her grievances. MELANIS and

RIVERA were also aware of the pendency of this case.

10.     Later that evening at the police station and solely in retaliation for Plaintiff's

assertion of her rights in *Harris, etc. v. Nikeas, etc. et al.*, Case No. 00 M2 1562, Defendants

RICCIO, MELANIS, and RIVERA initiated two felony charges of battery of police officers.

MELANIS and RIVERA, with RICCIO's assistance and direction, falsely alleged and

3

complained that Plaintiff had battered them in the course of the domestic battery arrest.

11.     As a result of these false felony charges, Plaintiff was held in custody at the station far longer than she would have been detained pursuant to the domestic battery arrest and was unlawfully subjected to several personal body searches, including a cavity search, at the direction of Defendant RICCIO. RICCIO caused or directed a female officer to conduct, in an area in which it could be observed by others, a visual search of Plaintiff's person. Specifically, Plaintiff was made to lift up her t-shirt and then her bra so that her bare breasts were exposed. Moreover, RICCIO caused or directed the same female officer to conduct a cavity search, whereby the officer stuck her fingers in Plaintiff's crotch and moved her fingers around therein, making direct contact with Plaintiff's genitalia. RICCIO ordered these searched for the sole purpose of harassing Plaintiff and for no legitimate purpose. A person detained for a domestic battery charge would never have been subjected to such searches. Moreover, while Plaintiff was in the custody of the Chicago Police, RICCIO subjected Plaintiff to significant verbal harassment and degradation. RICCIO told Plaintiff that he could do whatever he wanted to her, that she was in his control, and that he could "erase her." Further, Plaintiff was eventually booked at Cook County Jail and held in custody pending a bond hearing, something which Plaintiff would not have had to endure for misdemeanor domestic battery charges, and subjected to humiliating personal searches at that Cook County facility. Specifically, Plaintiff was made to remove all her clothes in front of numerous people, both male and female, and made to squat and cough. Finally, all misdemeanor domestic battery charges were dropped, defendant demanding trial, and Plaintiff has been made to defend herself on two counts of felony battery of police officers.

12.     RICCIO, MELANIS, and RIVERA have fabricated "evidence" in support of their

4

claims, including witness statements, have communicated false and misleading information to various Cook County State's Attorneys, and have withheld exculpatory information from various Cook County State's Attorneys. RICCIO, MELANIS, and RIVERA acted herein, at all relevant times, with the specific intent that Plaintiff suffer each of the indignities herein described.

13.     Defendants MELANIS, RIVERA and RICCIO caused Plaintiff's arrest, detention, her temporary incarceration at Cook County, the personal searches, and the commencement of her subsequent criminal prosecution for battery of police officers with a complete and reckless disregard or indifference for Plaintiff's constitutional rights.

14.     As a direct and proximate result of the Defendants' actions, Plaintiff has suffered the following injuries and damages:

   a.   Violation of her constitutional rights under the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizure of her person, to be able to petition the courts for redress of grievances without fear of retaliation, and to be accorded a fair trial in accordance with due process of law;

   b.   Loss of physical liberty;

   c.   Emotional trauma and suffering;

   d.   Attorney's fees and costs.

15.     The actions of the Defendant officers violated clearly established and well-settled federal constitutional rights of Plaintiff, namely to be free from unreasonable searches and seizures of her person, to be free from retaliation for petitioning the courts for redress of grievances and to be assured a fair trial in accordance with due process of law.

5

**Count I – Violation of Civil Rights - Fourth Amendment Searches and Seizure**

16.     The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 15 of this complaint as if restated in full in this Count I.

17.     By swearing out false complaints against Plaintiff for battery of police officers, as described herein, by unlawfully detaining Plaintiff far beyond any reasonable time, and by subjecting Plaintiff to invasive and humiliating searches of her person, the Defendants violated Plaintiff's right to be free from unreasonable searches and seizure, absent probable cause to believe that she had committed the crimes charged and deprived Plaintiff of the rights secured to her by the Fourth Amendment to the United States Constitution, as made applicable to the Defendants by the due process clause of the Fourteenth Amendment.

18.     As a direct and proximate result of the Defendants' actions, Plaintiff has incurred attorney's fees and has suffered extreme mental anguish, embarrassment, and humiliation.

WHEREFORE the Plaintiff demands a trial by jury and respectfully requests that this Court award to her and against each of the Defendants, RICCIO, MELANIS and RIVERA jointly and severally:

A.     Nominal damages in an amount to be determined at trial;

B.     Compensatory damages in an amount to be established at trial;

C.     Punitive damages in an amount to be determined at trial;

D.     Her reasonable attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, in an amount to be established at an appropriate hearing; and

E.     Such other and further relief as this Court shall deem just and proper.

6

## Count II - Violation of Civil Rights
## Due Process Right to Fair Trial

19.     The Plaintiff hereby incorporates the allegations contained in paragraphs 1
through 18 of this complaint as if restated in full in this Count II.

20.     By fabricating "evidence" in support of their claims, including witness statements,
communicating false and misleading information to various Cook County State's Attorneys, and
withholding exculpatory information from various Cook County State's Attorneys, the
Defendants violated Plaintiff's constitutional right to have a fair trial.

21.     As a direct and proximate result of the Defendants' actions, Plaintiff has incurred
attorney's fees and has suffered extreme mental anguish, embarrassment, and humiliation.

WHEREFORE the Plaintiff demands a trial by jury and respectfully requests that this
Court award to her and against each of the Defendants, RICCIO, MELANIS and RIVERA
jointly and severally:

A.     Nominal damages in an amount to be determined at trial;

B.     Compensatory damages in an amount to be established at trial;

C.     Punitive damages in an amount to be determined at trial;

D.     Her reasonable attorneys' fees pursuant to Section 1988 of Title 42 of the United
       States Code, in an amount to be established at an appropriate hearing; and

E.     Such other and further relief as this Court shall deem just and proper.

## Count III – Violation of Civil Rights
## First Amendment Petition for Redress of Grievances

22.     The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through
21 of this complaint as if restated in full in this Count III.

7

23.     Defendants initiated false charges, fabricated "evidence," communicated false and misleading information to various Cook County State's Attorneys, and withheld exculpatory information from various Cook County State's Attorneys in retaliation for Plaintiff's protected speech. In initiating false charges against Plaintiff in retaliation for her filing *Harris, etc. v. Nikeas, etc. et al.*, Case No. 00 M2 1562, against RICCIO and other police officers of the 25th Police District, as described herein, RICCIO, MELANIS, and RIVERA have deprived Plaintiff of the rights secured to her by the Petition Clause of the First Amendment to the United States Constitution, as made applicable to the Defendants by the due process clause of the Fourteenth Amendment thereto.

24.     But for the Plaintiff having filed *Harris, etc. v. Nikeas, etc. et al.*, Case No. 00 M2 1562, Defendants would not have engaged in the acts herein identified. As a direct and proximate result of the Defendants' actions, Plaintiff has incurred attorney's fees and has suffered extreme mental anguish, embarrassment, and humiliation.

WHEREFORE the Plaintiff demands a trial by jury and respectfully requests that this Court award to her and against each of the Defendants, RICCIO, MELANIS and RIVERA jointly and severally:

A.      Nominal damages in an amount to be determined at trial;

B.      Compensatory damages in an amount to be established at trial;

C.      Punitive damages in an amount to be determined at trial;

D.      Her reasonable attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, in an amount to be established at an appropriate hearing; and

E.      Such other and further relief as this Court shall deem just and proper.

8

### Count IV -- Intentional Infliction of Emotional Distress

25.     Plaintiff incorporates in this Count IV, each of those allegations set forth in paragraphs 1 through 24.

26.     The Defendants, and each one of them, engaged in extreme and outrageous conduct. As a result of this conduct, Plaintiff has suffered and will continue to suffer, severe emotional distress.

27.     Defendants' conduct, and each of theirs, was such that Defendants knew that severe emotional distress would be substantially certain to result.

28.     As a direct and proximate result of Defendants' respective and collective intentionally humiliating conduct, which was substantially certain to result in emotional distress and which transversed the bounds of human decency, Plaintiff was and continues to be grievously injured.

29.     The CITY OF CHICAGO is liable for the acts of RICCIO, MELANIS, and RIVERA pursuant to respondeat superior liability.

WHEREFORE the Plaintiff demands a trial by jury and respectfully requests that this Court award to her and against each of the Defendants, RICCIO, MELANIS, RIVERA, jointly and severally, and against the CITY OF CHICAGO for respondeat superior liability:

A.     Nominal damages in an amount to be determined at trial;

B.     Compensatory damages in an amount to be established at trial;

C.     Punitive damages in an amount to be determined at trial;

D.     Such other and further relief as this Court shall deem just and proper.

### Count V -- Malicious Prosecution

30.     The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through

29 of this complaint as if restated in full in this Count V.

31.     Defendants caused the commencement and continuation of the criminal proceedings against the Plaintiff maliciously and without probable cause.

32.     The criminal proceedings were ultimately terminated in Plaintiff's favor as she was acquitted of the charges against her.

33.     As a direct and proximate result of Defendant's actions, as described herein, Plaintiff suffered extreme mental distress, embarrassment, and humiliation. Plaintiff was forced to endure years of baseless litigation which adversely impacted upon every aspect of her life.

34.     The CITY OF CHICAGO is liable for the acts of RICCIO, MELANIS, and RIVERA pursuant to respondeat superior liability.

WHEREFORE the Plaintiff demands a trial by jury and respectfully requests that this Court award to her and against each of the Defendants, RICCIO, MELANIS, RIVERA, jointly and severally, and against the CITY OF CHICAGO for respondeat superior liability:

A.     Nominal damages in an amount to be determined at trial;

B.     Compensatory damages in an amount to be established at trial;

C.     Punitive damages in an amount to be determined at trial;

D.     Such other and further relief as this Court shall deem just and proper.

### Count VI -- Assault and Battery

35.     The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 34 of this complaint as if restated in full in this Count VI.

36.     As described herein, Defendant RICCIO caused Plaintiff to be subjected to several person body searches, including a cavity search, at both the police station and the Cook County Jail.

These searches were improper, unwanted and offensive physical touchings which constitute battery under the common law of the State of Illinois. Moreover, while Plaintiff was in the custody of the Chicago Police, RICCIO subjected Plaintiff to significant verbal harassment and degradation.

37.     The CITY OF CHICAGO is liable for the acts of RICCIO pursuant to respondeat superior liability.

38.     As a direct and proximate result of the battery, Plaintiff has suffered mental distress, embarrassment, and humiliation.

WHEREFORE the Plaintiff demands a trial by jury and respectfully requests that this Court award to her and against each of the Defendants, RICCIO, MELANIS, and RIVERA, jointly and severally, and against the CITY OF CHICAGO for respondeat superior liability:

A.     Nominal damages in an amount to be determined at trial;

B.     Compensatory damages in an amount to be established at trial;

C.     Punitive damages in an amount to be determined at trial;

D.     Such other and further relief as this Court shall deem just and proper.

### Count VII -- Statutory Violation

39.     The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 38 of this complaint as if restated in full in this Count VII.

40.     At all times relevant to the complaint, there was in force in the State of Illinois, a statute, which sets forth certain rights of an accused person upon arrest. 725 ILCS 5/103-1. That statute states in relevant part:

11

§ 103-1. Rights on arrest.

* * *

(c) No person arrested for a traffic, regulatory or misdemeanor offense, except in cases involving weapons or a controlled substance, shall be strip searched unless there is reasonable belief that the individual is concealing a weapon or controlled substance.

(d) "Strip search" means having an arrested person remove or arrange some or all of his or her clothing so as to permit a visual inspection of the genitals, buttocks, anus, female breasts or undergarments of such person.

(e) All strip searches conducted under this Section shall be performed by persons of the same sex as the arrested person and on premises where the search cannot be observed by persons not physically conducting the search.

(f) Every peace officer or employee of a police department conducting a strip search shall:

(1) Obtain the written permission of the police commander or an agent thereof designated for the purposes of authorizing a strip search in accordance with this Section.

(2) Prepare a report of the strip search. The report shall include the written authorization required by paragraph (1) of this subsection (f), the name of the person subjected to the search, the names of the persons conducting the search, and the time, date and place of the search. A copy of the report shall be provided to the person subject to the search.

(g) No search of any body cavity other than the mouth shall be conducted without a duly executed search warrant; any warrant authorizing a body cavity search shall specify that the search must be performed under sanitary conditions and conducted either by or under the supervision of a physician licensed to practice medicine in all of its branches in this State.

(h) Any peace officer or employee who knowingly or intentionally fails to comply with any provision of this Section is guilty of official misconduct as provided in Section 103-8; provided however, that

12

nothing contained in this Section shall preclude prosecution of a peace officer or employee under another section of this Code.

(i) Nothing in this Section shall be construed as limiting any statutory or common law rights of any person for purposes of any civil action or injunctive relief.

41.     Defendant RICCIO intentionally disregarded the terms of the statute and Plaintiff's rights. Specifically, RICCIO, MELANIS, and RIVERA falsely upgraded Plaintiff's charges from a misdemeanor, which did not involve weapons or controlled substances, to a felony battery. RICCIO then caused or directed a female officer to conduct, in an area in which it could be observed by others, a visual search of Plaintiff's person. Specifically, Plaintiff was made to lift up her t-shirt and then her bra so that her bare breasts were exposed. Moreover, RICCIO caused or directed the same female officer to conduct a cavity search, whereby the officer stuck her fingers in Plaintiff's crotch and moved her fingers around therein, making direct contact with Plaintiff's genitalia. There was no warrant obtained for this search, and it certainly was not conducted by a licensed physician. Upon information and belief, RICCIO failed to make any report of these searches.

42.     RICCIO ordered these searched for the sole purpose of harassing Plaintiff and for no legitimate purpose.

43.     As a direct and proximate result of the battery, Plaintiff has suffered mental distress, embarrassment, and humiliation.

44.     The CITY OF CHICAGO is liable for the acts of RICCIO, MELANIS, and RIVERA pursuant to respondeat superior liability.

WHEREFORE the Plaintiff demands a trial by jury and respectfully requests that this Court award to her and against each of the Defendants, RICCIO, MELANIS, and RIVERA, jointly and

13

severally, and against the CITY OF CHICAGO for respondeat superior liability:

A.    Nominal damages in an amount to be determined at trial;

B.    Compensatory damages in an amount to be established at trial;

C.    Punitive damages in an amount to be determined at trial;

D.    Such other and further relief as this Court shall deem just and proper.


                              Respectfully submitted,
                              NILDA GOMEZ


                    By: _____
                              One of Her Attorneys

Deidre Baumann
Three First National Plaza, Suite 3700
Chicago, Illinois 60601
(312) 558-3119
Attorney No. 30543

14