Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5911 | **DATE** | 7/7/2004 |
| **CASE TITLE** | Nilda Gomez vs. Lt. Riccio, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss or strike the amended complaint is granted in part and denied in part. The motion is granted as to Counts VI and VII, and those claims are dismissed with prejudice. In addition, to the extent that plaintiff is attempting to allege a violation of her Sixth Amendment rights, that claim is dismissed. Count IV is dismissed without prejudice, and plaintiff is given until July 21, 2004 to replead Count IV to include an allegation regarding when the felony battery proceedings were terminated. Defendants' motion to dismiss is denied as to Counts I, II, III, and V. Defendants may have until July 28, 2004 to file an answer to the complaint. Discovery shall proceed forthwith. A status hearing is set for October 6, 2004, at 11:00 a.m., at which time the court will set a date for the close of discovery.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 0 9 2004 | |
| | Notified counsel by telephone. | | date docketed | 25 |
| | Docketing to mail notices. | | JXM | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 7/7/2004 | |
| | | 2004 JUL -8 PM 4:37 | date mailed notice | |
| KM | courtroom deputy's initials | | KM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

NILDA GOMEZ,                          )
                                      )
      Plaintiff,               )
                                      )
      v.                       )   No. 02 C 5911
                                      )
LT. RICCIO, GEORGE MELANIS,           )
JORGE RIVERA, and the CITY OF         )
CHICAGO,                              )
                                      )
      Defendants.              )

**DOCKETED**

**JUL 0 9 2004**

## MEMORANDUM OPINION

Before the court is defendants' joint motion to dismiss or strike the amended complaint. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

This is a civil rights action by plaintiff Nilda Gomez against the City of Chicago (the "City"), Chicago Police Lieutenant Anthony Riccio, and Chicago Police Officers George Melanis and Jorge Rivera (collectively, the "Officers"). Plaintiff claims that after her arrest for domestic battery, she was falsely charged with felony battery to police officers and subjected to a strip search and a body cavity search in retaliation for having filed a civil rights suit against defendant Riccio, among others.

The complaint alleges the following facts, which we take as true for purposes of this motion. On August 17, 2000, Officers

25

Melanis and Rivera arrested plaintiff at her home in Chicago pursuant to complaints of domestic battery and transported her to the police station. Lieutenant Riccio learned of plaintiff's arrest shortly thereafter. At the time, Lieutenant Riccio, along with other police officers, was a defendant in an action brought by plaintiff in the Circuit Court of Cook County, entitled Harris v. Nikeas.[1] (At the time of the amended complaint in this action, the Harris case was still pending.) Officers Melanis and Rivera are not defendants in the Harris case, but they were aware of it at the time of plaintiff's arrest.

Later that evening at the police station, the Officers initiated two felony charges against plaintiff of battery to police officers. According to plaintiff, these charges are based on false claims that plaintiff had battered Officers Melanis and Rivera in the course of the domestic battery arrest and are in retaliation for plaintiff's suit against Lieutenant Riccio.

Plaintiff also asserts that Lieutenant Riccio caused or directed a strip search and a body cavity search of plaintiff for the sole purpose of harassing her. In addition, Lieutenant Riccio verbally harassed plaintiff. Plaintiff was then booked at the Cook County Jail and held in custody pending a bond hearing on the false felony battery charges.

---

[1] Evidently, plaintiff's name was Nilda Harris, not Nilda Gomez, at the time that suit was filed.

Plaintiff claims that the Officers "have fabricated 'evidence' in support of their claims, including witness statements, have communicated false and misleading information to various Cook County State's Attorneys, and have withheld exculpatory information from various Cook County State's Attorneys." (Amended Complaint, ¶ 12.)

According to the amended complaint, the misdemeanor domestic battery charges were "dropped" (¶ 11), and plaintiff was "acquitted" of the felony battery charges (¶ 32).

Plaintiff filed this action on August 19, 2002 and filed an amended complaint on October 15, 2003. The amended complaint sets forth the following claims: § 1983 claims for violation of plaintiff's Fourth, Fourteenth, and First Amendment rights (Counts I, II, and III); intentional infliction of emotional distress (Count IV); malicious prosecution (Count V); assault and battery (Count VI); and violation of 725 ILCS 5/103-1, a statute setting forth the rights of an arrestee (Count VII). The Officers, who are sued in their individual capacities, are named as defendants in all of the counts. The City is named as a defendant in Counts IV, V, VI, and VII, under a respondeat superior theory. Plaintiff seeks nominal, compensatory, and punitive damages as well as attorney's fees.

Defendants now move to dismiss or strike the amended complaint. Plaintiff has failed to respond to defendants' motion.[2]

## DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### A. Defendants' General Arguments

#### 1. False Arrest/Count I

Defendants argue that plaintiff's admission that she was "initially arrested for domestic battery . . . defeats plaintiff's claims of false arrest." (Motion at 4.) It does not appear, though, that plaintiff is claiming that she was falsely arrested for domestic battery. Her complaint goes to the felony battery charges and the extent to which her seizure and search pertained to those charges, but not to the initial arrest for domestic battery. To the extent that she is claiming false arrest relating to the

---

[2] Plaintiff's response to the motion was due on February 18, 2004. No response was filed. In defendants' "reply" brief, which was filed on March 25, 2004, defendants' counsel represents that she left a voice-mail message for plaintiff's counsel inquiring about a response brief but received no response brief.

felony battery charges, we are not persuaded by defendants' argument for the reasons expressed <u>infra</u> section B.

### 2. Res Judicata

Defendants contend that res judicata bars plaintiff's attempt to "relitigate" the <u>Harris</u> action and requires that any allegations concerning the arrest in that case be stricken from the amended complaint. This is a peculiar argument because the complaint does not challenge, or even refer to, any of the rulings in <u>Harris v. Nikeas</u>. Plaintiff does not attempt to "relitigate" that case; she merely alleges that the Officers' conduct was in retaliation for her having filed the <u>Harris</u> suit against Lieutenant Riccio. The doctrine of res judicata is not applicable here.

### 3. Sixth Amendment

Defendants also argue that "[p]laintiff's complaint is devoid of any allegation concerning the Sixth Amendment and therefore that apparent claim must be dismissed for failure to state a claim." (Motion at 11.) While there are references to the Sixth Amendment in paragraphs 1 and 14(a) of the amended complaint, none of the numbered counts refers to the Sixth Amendment or can be construed as a claim for a Sixth Amendment violation. Moreover, there is no conduct alleged that would be relevant to a Sixth Amendment claim. Therefore, although none of the numbered counts of the amended complaint are explicitly labeled as Sixth Amendment claims, to the

extent that plaintiff is attempting to allege a violation of her Sixth Amendment rights, that claim is dismissed.

**B. Counts II and V
(§ 1983 Fourteenth Amendment and Malicious Prosecution Claims)**

Defendants' argument regarding Counts II and V is somewhat difficult to follow, but the gist of it is that because plaintiff was initially arrested on domestic battery charges and does not appear to contest the existence of probable cause to arrest her on those charges, there was probable cause to arrest her on the felony battery charges. Therefore, defendants contend, plaintiff's due process and malicious prosecution claims must be dismissed.

It is true that the existence of probable cause to arrest is a bar to a § 1983 claim for false arrest or a state law claim for malicious prosecution. See Penn v. Chicago State Univ., 162 F. Supp. 2d 968, 975 (N.D. Ill. 2001). However, there is an important limitation on this doctrine: there must be probable cause for a charge <u>closely related</u> to the charge upon which the plaintiff was ultimately prosecuted. See id. at 976 (citing Kelley v. Myler, 149 F.3d 641, 647-48 (7th Cir. 1998)). According to the amended complaint, the felony battery charges against plaintiff were based on completely different purported conduct from the domestic battery charges. Therefore, the two types of charges are not "closely related," and the existence of probable cause to arrest plaintiff on the domestic battery charges does not bear on the issue of

whether there was probable cause for the felony battery charges and associated proceedings.

C. **Count III (§ 1983 First Amendment Claim)**

In Count III, plaintiff alleges that the Officers' initiation of false charges in retaliation for her filing the <u>Harris</u> suit deprived her "of the rights secured to her by the Petition Clause of the First Amendment." (Amended Complaint, ¶ 23.) In addition to their probable cause argument, which is off the mark, see <u>supra</u> section B, defendants contend that "plaintiff has in fact filed" this action and the <u>Harris</u> action and thus "cannot establish that she has been impeded in this effort by any of the defendants." (Motion at 11.) However, plaintiff does not claim that defendants impeded her in the filing of either case, but that they allegedly pursued false charges against her <u>in retaliation for</u> having filed the <u>Harris</u> suit. Accordingly, plaintiff states a First Amendment claim.

D. **Counts IV, VI & VII (State Law Claims)**

Defendants assert that the state-law claims in Counts IV, VI, and VII are barred by the Illinois Tort Immunity Act, 745 ILCS 10/8-101, which provides that "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."

Plaintiffs' claims for assault and battery (Count VI) and for the statutory violation (Count VII) accrued on the date of the incident--August 17, 2000. The complaint was filed two years and two days later, on August 19, 2002, well past the one-year statute of limitations. Counts VI and VII are therefore time-barred.

Although the Tort Immunity Act's statute of limitations also applies to Count IV, an intentional infliction of emotional distress (IIED) claim, it is unclear from the amended complaint when that claim accrued because the claim incorporates the alleged malicious prosecution. "[C]ourts in this district have consistently held that IIED claims based on facts alleged in parallel claims for malicious prosecution accrue only when state criminal proceedings are terminated." Carroccia v. Anderson, 249 F. Supp. 2d 1016, 1028 (N.D. Ill. 2003) (citing cases). It is not stated in the complaint when the criminal proceedings for the felony battery charges were terminated. Therefore, Count IV will be dismissed without prejudice. Plaintiff will be given leave to amend Count IV to include an allegation regarding the date of the termination of the criminal proceedings.

## CONCLUSION

Defendants' motion to dismiss or strike the amended complaint is granted in part and denied in part. The motion is granted as to Counts VI and VII, and those claims are dismissed with prejudice. In addition, to the extent that plaintiff is attempting to allege

a violation of her Sixth Amendment rights, that claim is dismissed. Count IV is dismissed without prejudice, and plaintiff is given until July 21, 2004 to replead Count IV to include an allegation regarding when the felony battery proceedings were terminated. Defendants' motion to dismiss is denied as to Counts I, II, III, and V.

DATE:   July 7, 2004

ENTER:  _____
        John F. Grady, United States District Judge