# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NILDA GOMEZ, ) | |
|     Plaintiff, ) | |
| v. ) | No. 02 C 5911 |
| LT. RICCIO, GEORGE MELANIS, ) | |
| JORGE RIVERA, and the CITY OF ) | |
| CHICAGO, ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION

Before the court is defendants' "amended, renewed motion for partial summary judgment based on new authority." For the reasons explained below, the motion is granted.

This is a civil rights action by plaintiff Nilda Gomez against the City of Chicago (the "City"), Chicago Police Lieutenant Anthony Riccio, and Chicago Police Officers George Melanis and Jorge Rivera. Plaintiff claims that after her arrest for domestic battery, she was falsely charged with felony battery to police officers, detained, and subjected to a strip search and a body cavity search in retaliation for having previously filed a civil rights suit against defendant Riccio, among others. According to plaintiff, the aggravated battery charges are based on false claims that plaintiff intentionally kicked Officers Melanis and Rivera in the course of the domestic battery arrest. The relevant facts are

recited in our Memorandum Opinion of November 1, 2005, which ruled on defendants' motion for summary judgment, and will not be repeated here.

Defendants now seek summary judgment on Count II. In Count II, plaintiff alleges that defendants violated her constitutional right to a fair trial by "fabricat[ing] 'evidence,' communicat[ing] false and misleading information to various Cook County State's Attorneys, and withh[olding] exculpatory information from various Cook County State's Attorneys." (Second Amended Complaint, ¶ 23.) Defendants' motion is styled as an "amended, renewed motion for partial summary judgment based on new authority." In defendants' view, the Seventh Circuit's decision in Ienco v. Angarone, 429 F.3d 680 (7th Cir. 2005), which was issued two weeks after our ruling on defendants' motion for summary judgment, "directly applies to plaintiff's due process claim." (Motion at 1.)

Ienco is "new authority" only in the sense that it was recently issued; it does not stand for any novel rule of law, but rather applies existing law to a new set of facts. In Ienco, the Seventh Circuit stated in pertinent part:

> In Ienco IV, we found that Ienco's claim of malicious prosecution failed as a matter of law, but remanded the case to allow Ienco the opportunity to allege that the officers violated his right to due process by withholding information or evidence necessary for him to receive a fair and impartial trial as guaranteed by the Constitution. We held in Newsome [v. McCabe, 256 F.3d 747 (7th Cir. 2001)] that due process claims against the police alleging the withholding of evidence should be

>analyzed under the framework set forth in <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). 256 F.3d at 752. Under <u>Brady</u>, the government must disclose favorable evidence that is material to either the defendant's guilt or possible sentence. 373 U.S. at 87, 83 S. Ct. 1194. In order to prevail under <u>Brady</u>, Ienco must show that: (1) the government suppressed evidence; (2) the evidence was favorable to the defense, either because it was exculpatory or had impeachment value; and (3) the evidence was material to an issue at trial. <u>United States v. Grintjes</u>, 237 F.3d 876, 880 (7th Cir. 2001). Evidence is suppressed for <u>Brady</u> purposes when (1) the prosecution failed to disclose the evidence in time for the defendant to make use of it, and (2) the evidence was not otherwise available to the defendant through the exercise of reasonable diligence. <u>United States v. O'Hara</u>, 301 F.3d 563, 569 (7th Cir. 2002) (citing <u>Boss v. Pierce</u>, 263 F.3d 734, 740 (7th Cir. 2001)).

429 F.3d at 683. Because the Court could not "find any evidence on appeal that was both material to Ienco's defense at trial and suppressed by the police," it affirmed the district court's grant of summary judgment in favor of the officers on Ienco's due process claim. <u>Id.</u>

Defendants argue that they are entitled to summary judgment on plaintiff's due process claim because there is no evidence that the officer defendants withheld any evidence, let alone any exculpatory material evidence. The basis of plaintiff's due process claim is that the officers testified falsely that plaintiff kicked them during the arrest. Defendants contend that such allegations do not fit within the due process framework set forth in <u>Ienco</u> and its predecessors and are essentially duplicative of plaintiff's malicious prosecution claim.

In response to defendants' motion, plaintiff concedes that in Count II, she is "not alleging evidence suppression but rather manufacturing of false evidence." (Response at 2.) Plaintiff attempts to distinguish <u>Ienco</u> on its facts but wholly fails to explain why its legal principles do not apply.

Relevant Seventh Circuit case law indicates that due process relief is limited to cases where the facts show that law enforcement officers withheld information or suppressed evidence in violation of <u>Brady</u>. We adopt the analysis of our colleague, Judge Moran, who recently addressed the issue in <u>Griffin v. City of Chicago</u>, 406 F. Supp. 2d 938, 946-48 (N.D. Ill. 2005). In <u>Griffin</u>, Judge Moran examined the language of <u>Newsome</u>, 256 F.3d at 752, and <u>Gauger v. Hendle</u>, 349 F.3d 354 (7th Cir. 2003), <u>overruled on other grounds by</u> <u>Wallace v. City of Chicago</u>, 440 F.3d 421 (7th Cir. 2006), and concluded that allegedly falsified testimony falls outside of <u>Brady</u>, and thus fails to fit within the framework for a due process claim.

Plaintiff acknowledges that her due process claim is based not on the suppression of evidence, but on falsified testimony. It is simply a recast of plaintiff's malicious prosecution claim. Because there is no evidence that the officers suppressed exculpatory evidence, plaintiff has failed to create a genuine issue of fact as to her due process claim. Accordingly,

defendants' amended, renewed motion for summary judgment on Count II will be granted.

## **CONCLUSION**

Defendants' amended, renewed motion for partial summary judgment based on new authority is granted. Summary judgment in favor of defendants and against plaintiff is entered on Count II.

DATE:      April 12, 2006

ENTER:     _____
           John F. Grady, United States District Judge